## SLOAN v. COBB.

Opinion delivered March 4, 1905.

TAX SALE—UNAUTHORIZED REDEMPTION—RATIFICATION.—Under Kirby's Digest, § 6618, providing that "any owner, or his agent, or any other person for the owner desiring to redeem any land, town or city lots or parts thereof sold for taxes, under or by virtue of any law of this State, may, within the time limited by law for such redemption, deposit with the county treasurer," etc., the amount necessary to redeem, *held* that an unauthorized redemption by a stranger may be ratified by the owner within the time allowed by law, and that a deed from the owner to such stranger will operate as a ratification.

Appeal from Newton Circuit Court in Chancery.

ELBRIDGE G. MITCHELL, Judge.

Affirmed. ·

Pace & Pace and *John B. Jones*, for appellants.

The land was properly advertised. Sand. & H. Dig. § 6607; 21 Ark. 581. The amount of taxes assessed against the land was not excessive. Acts Ark. 1897, p. 7; Cooley, Tax, 245; 25 Wis. 514; 28 Wis. 232; Blackw. Tax. Tit. § 190.

G..J. Crump, for appellees.

The land was not properly advertised. Sand. & H. Dig. § § 6599-6606; Blackw. Tax. Tit. § 207; 21 Ark. 581. The taxes charged against the land were excessive. Blackw. Tax. Tit. § 233; 73 Texas, 340; 56 Ark. 93; 61 Ark. 415.

McCULLOCH, J. Appellees by their complaint in equity seek to cancel, as a cloud on their title to certain lands in Newton

County, a tax deed executed to appellants, M. M. Sloan and J. B. Bartell, by the clerk of the county, pursuant to the sale of the land by the collector on June 13, 1898, for taxes of 1896 and 1897. They attack the validity of the tax sale, and also allege that the land was redeemed by the owner within two years of the date of the sale.

At the time of the sale the land was owned by John Weightman, the original patentee from the United States, and who conveyed to plaintiffs and W. L. Bennett by his deed containing full covenants of warranty except as against tax liens. The redemption was made on February 23, 1900, by G. C. Freeman at the instance of W..M. Bennett, who claims to have redeemed for the benefit of the owner. Bennett had no express authority from the owner, Weightman, to redeem the land, but, in his deposition taken in the case, says he redeemed the land because he and Weightman had formerly owned all the lands together, and "because he was an old friend, and had had some dealings with him relative to the land." Later, on May 7, 1900, Bennett procured the conveyance by Weightman to appellees and W. L. Bennett.

The chancellor granted the prayer of the complaint, and entered a decree cancelling appellant's tax deed. It is urged by appellant that, W. M. Bennett being a stranger to the title and without authority from the owner to effect a redemption, his act in attempting to redeem the land was an officious intermeddling, and was void.

The statute prescribing the method of redemption of lands from tax sales provides that "any owner, or his agent, or any other person for the owner desiring to redeem any land, town or city lots or parts thereof sold for taxes, under or by virtue of any law of this State, may, within the time limited by law for such redemption, deposit with the county treasurer," etc., the amount necessary to redeem. Kirby's Dig. § 6618. Under a similar statute it has been held that any person might redeem lands from tax sale without authority from the owner, and that such redemption inures to the benefit of the owner. *Jamison* v. *Thompson,* 65 Miss. 516.

We need not determine that question here, but we do hold that the owner may, within the period allowed by law for redemp-

tion, ratify an unauthorized redemption made by a stranger. No additional rights accrue under the sale until the time for the redemption expires, and an unauthorized redemption, subsequently ratified by the owner within the time allowed by the law, is as effective from the date of ratification as if the act had been originally authorized. The undisputed testimony shows that, though Bennett, the person who redeemed the land, was without authority from the owner at the time to do so, he afterwards, within the time allowed by law, procured a deed of conveyance from the owner to persons for whom he was authorized to act, which operated as a ratification, and became effective from the date of the conveyance.

It follows that the tax deed subsequently executed by the county clerk to appellants was void.

The decree is affirmed.